**Glenn MURPHY, Plaintiff—Appellant,**

v.

**FEDERAL INSURANCE COMPANY, Defendant—Appellee.**

No. 01–16677.

D.C. No. CV–01–00430–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2002.*

Decided Nov. 8, 2002.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Plaintiff–Appellant Glenn Murphy's ("Murphy") contention that jurisdiction was lacking because the amount in controversy requirement was not satisfied is unfounded. Murphy failed to contest removal prior to this appeal, and Federal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Insurance Co. ("Federal") has proved by a preponderance of the evidence that the damages sought, together with the cost of defending the action, exceed $75,000. *See, Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400–04 (9th Cir.1996).

Although the duty to defend is liberally construed under California law, *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 19, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995), Federal would be required to provide Murphy with a defense only if the cross-complaint sought damages potentially covered by the policy. *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 9 Cal.4th 27, 39–40, 36 Cal.Rptr.2d 100, 884 P.2d 1048 (1994); *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). Here, the district court properly concluded that Federal's policy—covering bodily injury, personal injury, property damage, and advertising injury—did not cover the trade secret misappropriation and unfair competition damages sought by Murphy's former employer.

AFFIRMED.